THE WESTERN AND SOUTHERN LIFE INSURANCE CO. *v.* BENJAMIN FRANKLIN SMITH

(No. 6864)

Submitted May 12, 1931.   Decided May 19, 1931.

(Rehearing denied June 10, 1931)

*Brown, Jackson & Knight, Theodore F. Gardner,* and *Thomas B. Jackson,* for appellant.

*W. F. Boggess* and *K. K. Hyre,* for appellee.

WOODS, JUDGE:

This appeal is taken from the action of the circuit court of Jackson county in refusing to enjoin further suits for disability benefits under certain insurance contracts issued to Benjamin Franklin Smith, and in dismissing plaintiff's original and amended and supplemental bills.

Smith had three policies with the plaintiff company. The third, which was issued in 1927, contained a disability clause. Shortly thereafter a like clause was incorporated in each of the former policies, upon the same physical examination submitted with the application for the third policy. In July, 1929, an action by notice of motion was instituted against the company on one of said policies to recover benefits thereunder for a period of ten months on account of alleged total blindness. The company defended on the ground that the blindness was due to retinitis (inflammation of retina), which it contended existed prior to the date of the disability benefit provision of the policy. Judgment was entered on a verdict in favor of Smith. The company was shortly thereafter denied a writ of error by this Court.

The bill of complaint in the instant case sets up, among other things, that the blindness was due to retinitis, which is alleged to have existed continuously since 1922; that Smith during that year was treated by Dr. Churchman of Charleston for retinitis; that he had concealed such treatment in making out his application for benefits; that it was his intention to institute actions against the company from time to time to recover accrued benefits. The defendant demurred to the bill and filed an answer thereto, as well as a special plea setting up the law trial and judgment entered thereon as *res judicata*. Plaintiff then filed an amended and supplemental bill alleging that Smith was estopped to set up the judgment in his favor as *res judicata* on the ground that it had been deprived of an opportunity to have a fair and just adjudication of the question of whether or not Smith's blindness was due to disease existing prior to the issuance of the policies because of the latter's concealment of his treatment by Dr. Churchman. A demurrer was also interposed to defendant's special plea and the defendant demurred to plaintiff's amended and supplemental bill of complaint.

Smith, in his application for benefits, answered the question "When were you first aware of illness or injury causing disability?" as follows: "Early part of 1928 I began to notice I was going blind." On this same blank he listed Drs. Crim and Duling as the doctors consulted. However, in the law

action, on cross-examination, and with apparent frankness, Smith stated that he had been to see Dr. Churchman two or three times in 1922 concerning his left eye; and that as his eye did not get worse, he did not go back. Dr. Churchman does not state that he told Smith that he had retinitis. Dr. Casto, the admitted agent of the company, made the physical examination upon application for the third policy. In the medical examiner's report, which is made a part of the application, Smith, in answer to the question "Have you any impairment in either eye?" stated: "Yes in left eye." Dr. Casto, who did not testify in the law action, states that he filled in the form and without reading same over to Smith directed the latter to sign; that Smith at the time of such examination informed him fully concerning the visits to Dr. Churchman in 1922; and that he stated that Churchman had removed his tonsils because one of his eyes was bad. Casto recommended the risk.

"Equity will not enjoin a judgment at law and grant a new trial on the ground of fraud, accident, surprise or some adventitious circumstances, unless the same, notwithstanding the exercise of ordinary diligence, was unknown to the party before judgment." *Smith Pocahontas Coal Co. v. Morrison,* 93 W. Va. 356. The company, through its agent, knew, or should have known, that Dr. Churchman had made an examination in 1922. It appears from the record in the law case that Smith was the first witness; that he and another testified before noon; that the remainder of the trial was had in the afternoon. No attempt was made to locate Dr. Churchman, who could have reached Ripley in a little over an hour, had he been free to make the trip. The defense was that plaintiff's blindness was due to retinitis, and that the same had existed prior to the date of the disability insurance. The only doctors placed on the stand were Crim and Duling, both of whom had examined Smith subsequent to the issuance of the policy. Dr. Churchman had treated him prior to such date. In view of such fact, the latter's testimony would necessarily have been very timely. However, no motion for continuance was made for the purpose of obtaining Dr. Churchman as a witness. Under the circumstances of this

particular case, we cannot say that the company was injured by the failure of Smith to include the name of Dr. Churchman on his application for benefits.

The decree of the circuit court must be affirmed.

*Affirmed.*